THE CENTRAL BANK OF GEORGIA, plaintiff in error, *vs.* WILLIAM WHITFIELD, defendant in error.

Demand and notice is not necessary to charge an endorser, in a suit against him, in favor of the Central Bank.

The plaintiff in error brought an action in Putnam Superior Court, against the defendant in error, as endorser of a note for $600, payable at the Bank of the State of Georgia, Savannah, made by G. B. Allen, and endorsed by said William Whitfield and one James Griggs. The defendant pleaded the general issue, and also, that the plaintiff had obtained the note fraudulently. The case was tried on the appeal, which resulted in a verdict and judgment, in favor of the plaintiff, for the whole amount due on the note, with costs; whereupon the counsel for the defendant in error moved for, and obtained a rule *nisi* for a new trial, on the ground that the court erred in its charge to the jury, "that notice was not necessary to charge the endorser on said note;" and because the jury found contrary to law. There was no evidence of fraud on the part of the

plaintiff in obtaining said note, and the only question before the court was, as to the notice.

At September term, 1846, of the court below, the rule for a new trial came on to be heard before Judge Merriwether, who, after argument of counsel, decided, that notice was necessary to charge the endorser, the said note having been deposited at a chartered bank for collection, and therefore granted the new trial moved for.

To which decision the counsel for the plaintiff in error excepted.

PULASKI S. HOLT, for the plaintiff in error,

Relied upon the charter of the Central Bank of Georgia, and upon the case of *the Merchants' Bank of Macon* vs. *the Central Bank of Georgia,* (*ante,* p. 418.)

J. M. ASHURST, for the defendant in error, contended :

1st. At common law, notice is necessary to charge the endorsers of bills of exchange and promissory notes.—*Chitty on Bills,* 465-6 ; 1 *Strange,* 441, 469, 515 ; 2 *Blackstone's Rep.* 749 ; 2 *Strange,* 1087 ; 1 *Term Rep.* 170; 4 *Cranch,* 141 ; 7 *John. R.* 361 ; *Story on Promissory Notes,* 345, and note 2.

2d. By our own statute, endorsers of notes payable at, or intended to be negotiated at a bank, are entitled to notice.—*Prince's Dig.* 462.

3d. In this case, the note being sued on by the Central Bank, it is contended that notice is not necessary to charge the endorsers, on account of the provisions of its charter.—*Prince,* 74-5. Let us examine those provisions, by the rules of construction laid down in the books. And 1st, in the construction of one part of the statute, every other part ought to be taken into consideration.—6 *Bac Abr.* 380. 2d. If different parts of a statute refer to the same thing, they all ought to be taken into consideration in construing any part of them.—*ib.* 382. 3d. It is an established rule, that all acts *in pari materia* are to be taken together as if they were one law.—*ib.* 4th. As to what four things are necessary in the construction of a statute, see *ib.* 383. 5th. The intention of the makers of a statute ought to be taken into consideration in *its* construction.—*ib.* 386. 6th. In this case the statute ought to have an equitable construction.—*ib.* 386.

4th. The note sued on in this case was endorsed with the express understanding that it should be discounted at the Branch Bank of the State of Georgia at Eatonton, *where notice was necessary ;* and by mistake of the maker, without the knowledge of the endorser, it was discounted at the Central Bank. Shall it be said, that a legal fraud can thus be practiced upon the endorser of an accommodation note, and that his legal *rights* and *liabilities* can thus be changed without his privity?

5th. The plaintiff in error sent the note for collection where it was made payable, and it was there *protested.* Will the court put such a construction upon the statute as to make the Central Bank the general collecting agent of all notes upon which the endorsers have been discharged by the *laches* of the holders.

6th. The note was protested at the State Bank in Savannah, and notice thereof was not given according to law.

*By the Court*—NISBET, Judge.

The only question made in this case is, whether under the charter of the Central Bank of Georgia, demand and notice is necessary, to charge an endorser ? We have determined that they are not, in the case of *The Central Bank* vs. *The Merchants' Bank,* argued at Decatur last August. And as we have nothing to add to or take from that opinion, we find it only necessary in this case to refer to it.